# Exhibit A

State of New York - Department of State
Division of Corporations

Party Served:
TARGET CORPORATE SERVICES, INC.

Plaintiff/Petitioner:
MADONNA, VINCENT

C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 09/24/2015 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 159073/2015

VINCENT MADONNA,

**SUMMONS**

Plaintiff(s),

Plaintiff designates New York
County as the place of trial.

-against-

The basis of venue is:
Plaintiff's residence

TARGET CORPORATE SERVICES, INC.
and TARGET CORPORATION,

Defendant's place of
business:

Defendant(s).

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's address: Vincent Madonna, 280 Atlantic Avenue, East Rockaway, NY

Defendant's address: Target Corporate Services, 111 Eighth Avenue, New York, NY 10011

Dated:   Richmond, NY
         August 28, 2015

By: Lonny Levitz
KUHARSKI, LEVITZ & GIOVINAZZO,
Attorney for Plaintiff
176 Hart Blvd.
Staten Island, N.Y., 10301
(718) 448-1600

TO:   Target Corporate Services, Inc.
      and Target Corporation,
      c/o CT Corporation System
      111 Eighth Avenue
      New York, NY, 10011


SERVED BY SERVICO SINCE 1924
WWW.SERVICO.COM
SPECIALISTS IN ALL LEGAL PAPERS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

VINCENT MADONNA,

        Plaintiff(s),

-against-

TARGET CORPORATE SERVICES, INC.
and TARGET CORPORATION,

        Defendant(s).

---

**VERIFIED COMPLAINT**

Index.No.:

Plaintiffs, by their attorneys, KUHARSKI, LEVITZ & GIOVINAZZO, ESQS., complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF VINCENT MADONNA

1. At the time of the commencement of this action, Plaintiff was a resident of the County of Nassua, State of New York.

2. That this action falls within one or more of the exemptions set forth in CPLR '1602.

3. The cause of action alleged herein arose in the State of New York.

4. On February 15, 2013, and at all times mentioned herein there existed a premises and/ or property located at 500 Sunrise Highway, Valley Stream, NY.

5. That at all times mentioned herein, and on February 15, 2013, the defendant, TARGET CORPORATE SERVICES, INC., is and was a foreign business entity, duly authorized to do business in the State of New York.

6. That at all times mentioned herein, and on February 15, 2013, the defendant, TARGET CORPORATE SERVICES, INC., is and was a foreign business entity, that had

designated New York County, as their principal place of business in New York State.

7. That at all times mentioned herein the defendant, TARGET CORPORATE SERVICES, INC. is, was and has been a business entity doing business in the State of New York.

8. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9. That at all times mentioned herein, and on February 15, 2013, the defendant, TARGET CORPORATE SERVICES, INC., was the owner of the land and structures thereon, commonly known as 500 Sunrise Highway, Valley Stream, NY.

10. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., was the managing agent of the land and structures thereon, commonly known as 500 Sunrise Highway, Valley Stream, NY.

11. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., was the lessee of the land and structures thereon, commonly known as 500 Sunrise Highway, Valley Stream, NY.

12. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., was the lessor of the land and structures thereon commonly known as 500 Sunrise Highway, Valley Stream, NY.

13. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., operated the premises commonly known as 500 Sunrise Highway, Valley Stream, NY.

14. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., controlled the premises commonly known as 500 Sunrise Highway, Valley Stream, NY.

15. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., maintained the premises commonly known as 500 Sunrise Highway, Valley Stream, NY.

16. That at all times mentioned herein, the defendant, TARGET CORPORATE SERVICES, INC., possessed and/or occupied the premises commonly known as 500 Sunrise Highway, Valley Stream, NY.

17. That at all times mentioned herein, and on February 15, 2013, the defendant, TARGET CORPORATION, is and was a foreign business entity, duly authorized to do business in the State of New York.

18. That at all times mentioned herein, and on February 15, 2013, the defendant, TARGET CORPORATION, is was and has foreign business entity, that had designated New York County, as their principal place of business in New York State.

19. That at all times mentioned herein the defendant, TARGET CORPORATION, is, was and has been a entity doing business in the State of New York.

20. That at all times mentioned herein, the defendant, TARGET CORPORATION, transacted business within the State of New York; regularly did or solicited business within the

State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

22. That at all times mentioned herein, the defendant, TARGET CORPORATION, was the lessee of all or a potion of the land and structures thereon, commonly known as 500 Sunrise Highway, Valley Stream, NY.

23. That at all times mentioned herein, the defendant, TARGET CORPORATION, operated all or a potion of the land and structures commonly known as 500 Sunrise Highway, Valley Stream, NY.

24. That at all times mentioned herein, the defendant, TARGET CORPORATION, controlled of all or a potion of the land and structures commonly known as 500 Sunrise Highway, Valley Stream, NY.

25. That at all times mentioned herein, the defendant, TARGET CORPORATION, maintained all or a portion of the land and structures commonly known as 500 Sunrise Highway, Valley Stream, NY.

26. That at all times mentioned herein, the defendant, TARGET CORPORATION, was the owner of all or a portion of the land and structures thereon, commonly known as 500 Sunrise Highway, Valley Stream, NY.

27. That on or about, February 15, 2013 while lawfully walking on the sidewalk in front of 500 Sunrise Highway, Valley Stream, NY, the plaintiff was caused to slip and/or trip and fall on a defective condition on said sidewalk.

28. That the above occurrence was caused solely by and through the negligence of the defendants, their agents, servants and/or employees, herein, without any negligence on the part of the plaintiff contributing thereto.

29. That the defendants, had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein.

30. That the defendants created the defective and dangerous condition.

31. Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R.

32. That the defendants, and/or their agents, servants, associates and/or employees were negligent, careless and reckless, in that they:

   a) Negligently, carelessly and recklessly, failed and omitted to properly, shore, equip, guard, arrange, operate and conduct their actives at the aforementioned premises, so as to provide reasonable and adequate protection and safety to the persons therein, and more particularly to the plaintiff herein;

   b) Failed and omitted to provide the plaintiff with a safe place to walk;

   c) Failed and omitted to insure that the area plaintiff was walking on at the aforementioned location was kept free of hazardous conditions;

   d) Failed and omitted to properly train & inspect their employees at the aforementioned premises;

   e) Failed and omitted to properly and adequately coordinate the activities of their employees with the public at large and more particularly the plaintiff;

   f) Failed and omitted to construct and/or install barricades and/or other warnings so

as to apprise the public at large, and more particularly the plaintiff herein, of the dangerous conditions existing thereat;

g) Failed and omitted to properly secure the public areas so that plaintiff could walk in safety;

h) Failed to properly maintain and repair the sidewalk at the aforesaid location;

i) In negligently and improperly allowing the sidewalk of the aforesaid location to become and remain dangerous, hazardous and trap-like condition.

j) Negligently allowed sand to accumulate in the aforesaid sidewalk.

33. That as a result of the negligence of the defendants, and/or each of them, the plaintiff, VINCENT MADONNA, became, still is and for a long time to come, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of her head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries, and has been prevented from his/her usual duties and will be so prevented for a long time to come.

34. That by reason of the foregoing, the plaintiff, VINCENT MADONNA, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff, VINCENT MADONNA, demands judgment against the defendant(s), TARGET CORPORATE SERVICES, INC. and/or TARGET CORPORATION in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, on the First Cause of Action, together with interest, costs and disbursements of this action.

Dated:   Richmond, NY
         August 28, 2015

By: Lonny Levitz
KUHARSKI, LEVITZ & GIOVINAZZO,
Attorney for Plaintiff
176 Hart Blvd.
Staten Island, N.Y., 10301
(718) 448-1600

7

STATE OF NEW YORK    }
                     } ss.
COUNTY OF RICHMOND   }

Lonny Levitz sworn, deposes and says:

That deponent is a member with KUHARSKI, LEVITZ & GIOVINAZZO, ESQ., attorneys for the plaintiff in the within action; that the deponent has read the foregoing and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of said plaintiff.

DATED:    NEW YORK, NEW YORK
          Friday, August 28, 2015

_____
Lonny Levitz

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

---

VINCENT MADONNA,

    Plaintiff,

-against-

TARGET STORES,

    Defendant.

---

SUMMONS AND COMPLAINT

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
176 Hart Blvd.
Staten Island, New York 10301
718/448-1600

---

TO:     Target Corporate Services, Inc.
and Target Corporation,
c/o CT Corporation System
111 Eighth Avenue
New York, NY, 10011







9214 8969 0059 7934 4663 53

201509280010
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK NY, 10011

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested