USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Vincent Madonna,

                              Plaintiff,

-against-

Target Corporate Services, Inc. and Target Corporation,

                              Defendants.

1:15-cv-08569 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Defendant Target Corporation ("Target") moves for summary judgment dismissing the Verified Complaint of Plaintiff Vincent Madonna ("Madonna") in its entirety (ECF No. 25). For the following reasons, the Court DENIES Target's motion.

**BACKGROUND**

      This is a personal injury lawsuit in which Madonna asserts negligence claims against Target after he "was caused to slip and/or trip and fall" due to a "defective condition" on Target's property and suffered injuries. (Verified Compl., dated Aug. 28, 2015, ECF No. 1-1, at ¶¶ 27, 32-33.) The incident occurred on February 15, 2013, at approximately 3:20 p.m. (Target 56.1 Stmt., ECF No. 28, at ¶1; Pl. Counter-Stmt., ECF No. 35, at ¶ 1.) Madonna claims that the defective condition was caused by a salt and sand mixture that had been placed by Target outside of its store following a snow event. During his deposition, Madonna testified that he slipped on what "felt like sand." (Dep. of Vincent Madonna, dated April 20, 2016 ("Madonna Dep."), ECF No. 26-8, at 21.) ("Q. And as you sit here, do you know what it is that you slipped upon? A. It felt like sand and it -- it was very slippery and it felt like sand.") Madonna also testified that, in the area

where he fell, he saw "quite a bit of sand[,]" including "on the pavement, where the cars are on the side, on the pavement [he] stepped on and in the street[.]" (Madonna Dep. at 21.) Target's Property Management Technician, Donald McCabe, confirmed that a mixture of salt and sand was used outside the store. (McCabe Dep., ECF No. 26-14, at 16.) McCabe also testified that "[i]f he or anybody would notice a large amount of sand left over after a snow event is cleared, then they are responsible to come back to clean up sand[,]" though he testified that it would be removed "[m]ainly for the brand's sake at the store" and not because it created a slip hazard. (*Id.* at 17, 46-48.)

In support of its motion for summary judgment, Target furnished the Court with a surveillance video of the incident (*see* ECF No. 26-4), which the Court reviewed. Target also furnished the Court with an affidavit from an expert, David Behnken, who is a licensed professional engineer. (Aff. of David E. Behnken, P.E., dated January 16, 2017, ECF No. 26-16, at ¶ 1.) Behnken opines that "the use of the salt and sand mixture on the subject sidewalk by Target did not create a slipping hazard or other dangerous condition." (*Id*. at ¶ 11.) He also opined that "Mr. Madonna's fall-down accident was, in all probability, caused by a misstep." (*Id*. at ¶ 12.)

Oral argument was held on January 16, 2018.

## DISCUSSION

I. **Legal Standards and Applicable Law**

The Court may only grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On summary judgment, the Court

construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. *See Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

It is the moving party's burden to establish the absence of any genuine issue of material fact. *See Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if there is sufficient evidence upon which "a reasonable jury could return a verdict for the nonmoving party." *Id.* If there is any evidence from which a reasonable inference could be drawn in favor of the nonmoving party on the issue on which summary judgment is sought, summary judgment is improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). In deciding a motion for summary judgment, the Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). The summary judgment stage is not the time to "weigh evidence or assess the credibility of witnesses." *Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996).

To establish a *prima facie* case of negligence under New York law,[1] a plaintiff must prove that: (1) the defendant owed a duty to him; (2) the defendant breached this duty; and (3) the breach was the proximate cause of the plaintiff's injury. *See Williams v. Utica College of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (citing *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027,

---

[1] Since this action was removed from New York state court on the basis of diversity of citizenship between the parties, the substantive law of the State of New York governs Madonna's claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

3

489 N.E.2d 1294, 1294 (1985)). Target seeks summary judgment as to the second and third of these elements. First, Target asserts that Madonna cannot establish the element of proximate cause. (Mem. L. in Support of Mot. for Summ. J. ("Def. Mem."), ECF No. 27, at 12-14.) Second, Target asserts that it did not breach its duty to maintain its premises in a reasonably safe manner, since the condition alleged does not rise to the level of a dangerous condition. (*Id*. at 15-18.) For the reasons set forth below, the Court find that issues of fact remain with respect to each of these elements.

II. **Issues of Fact Exist Regarding Proximate Cause**

Target argues that Madonna cannot meet his burden to show that the presence of a salt and sand mixture on the sidewalk in front of the store was the proximate cause of his injuries because he slipped in a different area from where he alleged the sand/salt mixture was located, and he cannot exclude other causes for his fall. (*Id.* at 12-13.) Thus, Target claims that a jury determination that the salt and sand mixture was the proximate cause of his fall would be "improper" because it would be based on speculation. (*Id.* at 14.)

Target's argument is premised upon its conclusion that the surveillance video "establishes that Plaintiff did not slip on the sidewalk where the sand/salt mixture was located as he alleges." (*Id.* at 12.) Target also points to the fact that, during his deposition, Madonna marked an "X" on a photograph put before him as to where he fell (Madonna Dep. at 30; Photograph, Def. Mem. Ex. I, ECF 26-9), but claims that "the markings by Plaintiff indicating where he fell differ greatly from that which is depicted in the surveillance footage, which Plaintiff testified accurately depicted his fall." (Def. Mem. at 5.) However, even if Madonna slipped prior to stepping onto the sidewalk, Madonna's deposition testimony, along with the surveillance video and photographs

4

that are part of the summary judgment record, indicate that there was salt and sand in the area where he fell. As such, a reasonable jury could find that the salt and sand mixture was the proximate cause of his fall without resorting to speculation. *See Haibi v. 790 Riverside Drive Owners, Inc.*, 156 A.D.3d 144, 64 N.Y.S.3d 22, 25 (1st Dep't 2017) (proximate cause determination not based on speculation if evidence identifies the defect or hazard itself and provides sufficient facts and circumstances from which causation may be reasonably inferred); *see also Nolan v. Onondaga Cty.*, 61 A.D.3d 1431, 1432, 876 N.Y.S.2d 825, 826 (4th Dep't. 2009) (evidence that plaintiff fell in immediate vicinity of protruding ramp enough to raise issue of fact such that jury verdict would not be based on speculation even when plaintiff did not recall tripping over the ramp and acknowledged that she might have fallen for an unrelated reason).

As stated earlier, it is not within the province of this Court, on the instant motion, to assess Madonna's credibility. At trial, Target will, of course, have the opportunity to call to the jury's attention the inconsistencies in Madonna's testimony, as well as other possible reasons for his fall, so that the jury can weigh his credibility.

### III. <u>Issues of Fact Regarding Dangerous Condition</u>

Target also argues that the salt and sand mixture placed on the sidewalk did not constitute a dangerous condition and, accordingly, its use of the sand and salt mixture was not a breach of any duty. (Def. Mem. at 15.) Madonna contends that sand can be a slipping hazard, and that Behnken's expert testimony should be disregarded as conclusory. (Mem. L. in Opp. to Mot. Summ. J. ("Pl. Mem."), ECF No. 30-4, at 7-12.)

All landowners have "a duty to maintain [their] premises in a reasonably safe manner." *Zhuo Zheng Chen v. City of New York*, 106 A.D.3d 1081, 1081, 966 N.Y.S.2d 177, 178 (2d Dep't

5

2013). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case, and is generally a question of fact for the jury," unless the defect is trivial. *Trincere v. Cty. of Suffolk*, 90 N.Y.2d 976, 977, 688 N.E.2d 489, 490 (1997); s*ee also Alexander v. Marriott International, Inc.*, No. 01 CV-1124 (LMM), 2002 WL 1492125, at *4 (S.D.N.Y. July 11, 2002) (denying summary judgment "because plaintiff raises an issue of fact as to whether there was a dangerous condition that was not trivial in nature").

In the present case, the Court finds that issues of fact exist regarding whether the salt and sand mixture created a dangerous condition.[2] The expert affidavit submitted by Target does not resolve the fact issues, but may be a piece of evidence for the jury to consider (subject to Madonna's anticipated *Daubert* motion).

## **CONCLUSION**

For the reasons set forth above, Target's motion for summary judgment is DENIED. The parties shall submit a Joint Pre–Trial Order within thirty (30) days. The parties shall also advise the Court, no later than January 22, 2018, of their availability for trial the week of April 2 or April 9, 2018.

---

[2] Madonna cites case law in his opposition memorandum (Pl. Mem. at 8-10) where sand was held to create a dangerous condition. *See, e.g.*, *Agosto v. City of New Rochelle*, 114 A.D.3d 625, 626, 979 N.Y.S.2d 689, 691 (2d Dep't 2014) ("sand condition could present a safety issue"). In addition, in one of the cases cited by Target, the Court acknowledged that sand can constitute a dangerous condition. *See Brisbois v. U.S.*, No. 03-CV-1214, 2005 WL 1331129, n.4 (N.D.N.Y. June 1, 2005) ("Viewing the evidence in the light most favorable to Plaintiff and drawing every reasonable inference in her favor, it may be possible that an excessive amounts of sand, or a particular type of sand (perhaps with dirt in it such that it turns to mud when mixed with water) could cause a slippery condition when mixed with water.").

**SO ORDERED.**

DATED:   New York, New York
         January 17, 2018

_____
STEWART D. AARON
United States Magistrate Judge